## Grounds

07-58 †\*\*#

**1. "In the Interest of Justice"**

The verdict is against the weight of the evidence.

BD scanned
FILED
FEB 21 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**2. "On the Law"**

I ask the Court to reverse my judgment "on the law" on the basis of: (1) legal errors which deprived me of a fair trial; (2) legally insufficient evidence to support my conviction.

The evidence presented by the prosecution was not sufficient to prove all the necessary elements of the crime of which I were convicted.

**3. "On the Facts"**

I ask the Court to reverse my judgment "on the facts" that my guilty verdict was against the weight of the evidence.

**4. "Fundamental miscarriage of Justice"**

My confession was obtained involuntarily in violation of my Fourteenth Amendment due process rights.

My confession was involuntary and therefore constitutionally inadmissable where the Detective questioned me well pass the two-hour detention rule.

5. My lawyer did not represent me effectively at trial.

I was convicted after my attorney failed to make obvious and meritorious objections to tainted evidence that formed the basis of the state's case.

She never objected to perjury, when in fact she knew the Detective had lied on the affidavit about statements that were untrue. And then the interview states I didn't confess.

6. My lawyer did not represent me effectively in my direct appeal.

I would had won my appeal on a significant and obvious question of state law that my counsel omitted to pursue. The appeal was not fundamentally fair and that the resulting affirmance of my conviction is not reliable.

She didn't appeal the legally insufficient evidence.

7. Evidence was insufficient to sustain jury's verdict of guilty beyond a reasonable doubt.

No rational jury, viewing the evidence in the light most favorable to the prosecution, could have found me guilty beyond a reasonable doubt.

The trial judge said everything was consistent when in fact none of the evidence matched. Even the description of the perpetrator was different from my description.

8. Claims that Show Cause

a) State officials prevented me from following the state procedural rule. At my trial a state officer led me to believe that a Constitutional violation had not occurred, when in fact it had.

    Detective Conaway said I confessed, when the interview clearly states he was not receiving a confession, and even though the jury heard a videotape recorder and had part of the interview reading along with the tape, was a violation. The trial court allowed only selected portions of the tape statement instead of the entire tape.

b) The legal basis of my constitutional claim was not reasonably available to me, at the time of my trial.

    The Detective lied about talking to ms Hicks, who is my sister when the trial transcript states the prosecutor saying ms Hicks was never interviewed by the police.

    The Detective lied on his affidavit in order for the magistrate to issue the warrant, and he didn't receive that until after the long interview with me.

c) My attorney provided me with "Constitutionally ineffective assistance of counsel."

    She did not object to perjury from the Detective.

9. Protection against Dilution

My guilt was never established by probative evidence or beyond a reasonable doubt, so my due process clause of my Fourteenth Amendment was violated.

10. Rationale of Prohibition

Rationale for mandatory prohibition against use of my incriminatory statements that was obtained by the police was in violation of my Constitutional rights that is guaranteed of the due process.

11. Plain Error

The arresting officer promised leniency and told me it would go easier if I confessed. My fifth admendment was violated and I was deprived of due process of law because the officer was permitted to testify as to admission and only part of the tape recorder was played.

12. Photographs

The judge allowed my work Id and driver's license to entry into the jury's deliberation room and it was so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification. They had a survelliance photo and I sat in trial for three days and not one person could identify me as the perpetrator. That was a violation of my due process.

My attorney should had presented a prima facie case that identity was an issue in the trial. The judge stated it was.

13. Searches & Seizures

The prosecutor relied upon consent to justify the lawfulness of a search, she had the burden of proving that the consent was in fact freely and voluntarily given.

The consent form was invalid because the Detective stated that he arrived at the residence at 7:20 p.m and he searched at 7:33 p.m. On cross examination he stated he arrived at 7:30 p.m. but the first consent form was signed at 7:25 p.m. The second consent form was signed at 7:48 p.m. and his testimony again was he arrived at 8:00 p.m. The times that he states he arrived is after the consent forms has been signed.

14. Use of Perjured or Falsified Evidence

My conviction violated my due process because the prosecution, Judge and my attorney knew the Detective had perjured when he testified that I confessed, when he lied on his affidavit, and when he testified to what he wrote about what the witnesses said.

15. Ineffective Assistance of Counsel

a) Trial Counsel's failure to use police report to impeach Police officer's testimony relating to the witnesses and evidence.

b) Defense Counsel's failure to move to correct testimony, which she knew was false or misleading.

c) Trial Counsel failed to interview the police officers that was involved with taking my statements and pretrial identification.

d) Defense Counsel failed to object to prejudicial testimony which was used to inflame the minds of the jury. When the Detective lied and said I confessed and that I was Id when I wasn't.

E) Trial Counsel failed to move for a mistrial over Detective Conaway's prejudicial testimony.

F) Trial Counsel failed to move to suppress my prior record.

PHYLLIS DRUMMOND
660 BAYLOR BLVD
NEW CASTLE DE 19720

WILMINGTON DE 197
20 FEB 2007 PM 3 L

OFFICE of the CLERK
UNITED STATES DISTRICT COURT
844 N. King STREET, LOCKBOX 18
WILMINGTON DE 19801-3570

THIS LETTER WAS SENT BY AN INMATE AT THE DELORES J BAYLOR WOMEN'S CORRECTIONAL INSTITUTION. THE PRISON IS NOT RESPONSIBLE FOR DEBTS INCURRED OR THE CONTENTS OF THIS LETTER OR PACKAGE.