# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

PHYLLIS DRUMMOND,                  :
                                   :
      Petitioner,            :
                                   :
    v.                            :    Civ. Act. No. 07-58-***
                                   :
PATRICK RYAN, Warden,              :
and JOSEPH R. BIDEN, III, Attorney :
General for the State of Delaware, :
                                   :
      Respondents.           :

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

In October 2004, the petitioner, Phyllis Drummond, was convicted by a Delaware Superior Court jury of first degree robbery and wearing a disguise during the commission of a felony. *See* Del. Super. Ct. Crim. Dkt. in ID 0311018699A at Item 56 (hereinafter "Crim. Dkt. at __"). In November 2004, Drummond was sentenced to twenty-one years of incarceration, suspended after fifteen years for decreasing levels of supervision. *See* Crim. Dkt. Item 58. The Delaware Supreme Court affirmed Drummond's convictions and sentence on appeal. *Drummond v. State*, 2005 WL 2475715 (Del. Aug. 24, 2005).

In October 2005, Drummond moved for reduction of her sentence, but that motion was denied. *See* Crim. Dkt. at Items 80 & 81. Then in March 2006, Drummond applied for postconviction relief under Superior Court Criminal Rule 61. *Id.* at Item 82. Superior Court denied the motion in May 2006. *See State v. Drummond*, 2006 WL 1579802 (Del. Super. Ct.

May 24, 2006). Drummond did not appeal the denial of her postconviction motion; instead, Drummond filed a second postconviction motion. *See* Crim. Dkt. at Item 84. After considering the affidavit of defense counsel and Drummond's response thereto, Superior Court denied the motion. *See State v. Drummond*, 2006 WL 3094182 (Del. Super. Ct. Oct. 26, 2006). Drummond did not appeal from the denial of her second postconviction motion. Drummond filed her third postconviction motion in November 2006, and that motion was denied in February 2007. *See* Crim. Dkt. at Items 91 & 92; *State v. Drummond*, 2007 WL 475287 (Del. Super. Ct. Feb. 12, 2007). Drummond's federal habeas petition is dated January 8, 2007.

<u>Facts</u>

As described by the Delaware Supreme Court in *Drummond*, 2005 WL 2475715 at *1, the relevant facts leading to Drummond's arrest and conviction were as follows:

> [] On November 22, 2003, a Wilmington Trust Bank located in Millsboro was robbed. Darlene Hayes, a bank employee, was approached by a person she thought to be a short black male. The suspect was carrying a gun and wearing plastic gloves, a blue and white plaid jacket and a baseball cap. Hayes' coworkers observed the perpetrator flee in what they believed appeared to be a green Toyota Camry. Later in the day a surveillance tape of the robbery was broadcast on television. Sheila Hicks, Drummond's sister, saw the tape and told her coworker, Charlotte Ponson, that the robber appeared to be Drummond. Ponson later called the police and told them about her conversation with Hicks. Victor Frye also identified Drummond as the robber from the broadcast.

> [] On November 24, 2003, the police arrived at Drummond's residence. They obtained written consent from Percy Giddens, Drummond's boyfriend and the lessor of the residence, to search the premises. Before searching Giddens and Drummond's shared bedroom, the police obtained written consent from Drummond. The police recovered a blue and white plaid jacket, a blue baseball cap and a BB gun that was a replica of a semi-automatic pistol. Drummond was then taken to the police station where she confessed to the crime. Drummond's son also told the police that Drummond had committed the robbery.

Discussion

In her petition for federal habeas relief, Drummond raises five grounds for relief: (1) Drummond's confession was involuntary and should have been suppressed; (2) the search of Drummond's residence was in violation of the Fourth Amendment; (3) the evidence presented at trial was insufficient to sustain her convictions; (4) trial counsel was ineffective for a variety of reasons; and (5) on appeal, trial counsel was ineffective in failing to raise a claim of insufficient evidence. D.I. 1 at 4-5; D.I. 8.

**Claim 1: involuntary confession**

Referring indirectly to Del. Code Ann. tit. 11, § 1902,[2] Drummond complains that her confession was involuntary and should have been suppressed. A state petitioner seeking federal habeas relief must first exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Alston v. Redman*, 34 F.3d 1237, 1241-42 (3d Cir. 1994). To satisfy the exhaustion requirement, the petitioner must demonstrate that she "fairly presented" her claim to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Thomas v. Carroll*, 424 F. Supp. 2d 738, 743 (D. Del. 2006). *See also Bailey v. Snyder*, 855 F. Supp. 1392, 1399 (D. Del. 1993) (noting that a petitioner "must show that he presented each claim to the Delaware Supreme Court"). A claim is "fairly presented" if the petitioner has presented the claim's factual and legal basis to the state courts in a manner that puts them on notice that a federal claim is being asserted. *Holloway v. Horn,* 355 F.3d 707, 714 (3d Cir.2004) (citing *McCandless v. Vaughn,* 172 F.3d 255, 261 (3d Cir.1999)). *See* 28 U.S.C. § 2254(b); *Duncan v.*

---

[2] D.I. 8 at ¶4. Section 1902 allows police to detain a suspect for up to two hours. *See generally Buckingham v. State*, 482 A.2d 327 (Del. 1984); *State v. Deputy*, 433 A.2d 1040 (Del. 1981).

*Henry*, 513 U.S. 364, 365 (1995); *Landano v. Rafferty*, 897 F.2d 661, 670-71 (3d Cir. 1990); *Gibson v. Scheidemantel*, 805 F.2d 135, 139 (3d Cir. 1986). Drummond did not fairly present her claim that her confession was involuntary to the state supreme court on direct appeal. *See generally Drummond*, 2005 WL 2475715. In her argument on appeal that the trial court had erred in denying her motion to suppress, Drummond argued only that her confession was the fruit of an illegal detention. *See Appellant's Opening Brief, Drummond v. State*, Del. Supr. No. 530, 2004. Drummond failed to brief the voluntariness issue on appeal, and the Delaware Supreme Court did not address the issue. *See generally Drummond*, 2005 WL 2475715. Because Drummond failed to properly brief the claim on appeal, the claim was not fairly presented to the state supreme court. *See Lines v. Larkin*, 208 F.3d 153, 160-62 (3d Cir. 2000). Thus, Drummond's claim that her confession was involuntary is unexhausted. *See Scheidemantal*, 805 F.2d at 139; *McLaughlin v. Carroll*, 270 F. Supp. 2d 490, 511 (D. Del. 2003) (citing *Lambert*, 134 F.3d at 513).

Ordinarily, a failure to exhaust a claim results in dismissal of the habeas petition, *Rose v. Lundy,* 455 U.S. 509 (1982), or a stay of the federal habeas proceedings to allow the prisoner to exhaust state court remedies (*Rhines v. Weber*, 544 U.S. 269 (2005)). If, however, there is no available state remedy, then Drummond is excused from the exhaustion requirement. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Castille*, 489 U.S. at 351-52; *Lines*, 208 F.3d at 160. If Drummond now tried to raise her claim in state court in a fourth postconviction motion, the claim would be barred under Superior Court Criminal Rule 61(i)(3), because Drummond failed to properly raise the claim on appeal following her conviction and sentencing. *See, e.g., McLaughlin*, 270 F. Supp. 2d at 512-13. The claim would also be barred under Criminal Rule

61(i)(2) because Drummond failed to raise the claim in any of her postconviction motions. *See id.* at 510.

Thus, because there is no available state remedy, Drummond is excused from the exhaustion requirement. *See Teague*, 489 U.S. at 297-98; *Castille*, 489 U.S. at 351-52; *Lines*, 208 F.3d at 160; *Clark v. Pennsylvania*, 892 F.2d 1142, 1146-47 (3d Cir. 1989); *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 454 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 804 (D. Del. 1997). Although deemed exhausted, such claims are still considered to be procedurally barred. *Lines*, 208 F.3d at 160. Thus, because Drummond procedurally defaulted her claim in the state courts, federal habeas review is barred unless she establishes cause for her procedural default in the state courts and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review her claim. *See Coleman*, 501 U.S. at 750-51; *McCandless*, 172 F.3d at 260; *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992); *McLaughlin*, 270 F. Supp. 2d at 513. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded her compliance with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986). To establish prejudice under the cause and prejudice standard, a petitioner "must show 'not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to h[er] *actual* and substantial disadvantage, infecting h[er] entire trial with error of constitutional dimensions.'" *Carrier*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 179 (1982)); *Dawson*, 988 F. Supp. at 804-05.

Drummond has alleged ineffective assistance of counsel as cause for her failure to raise the claim on direct appeal. *See* D.I. 8. Drummond, however, failed to present her ineffectiveness claim to the state courts in any of her postconviction motions. As a result,

Drummond's explanation of cause is unexhausted and procedurally defaulted. *See Edwards v. Carpenter,* 529 U.S. 446, 452-53 (2000) (an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted); *Carrier,* 477 U.S. at 488-89 (an allegation of constitutionally ineffective assistance of counsel, advanced as cause for a procedural default in state court, must itself be independently exhausted). Consequently, Drummond cannot establish cause for her failure to raise the claim in the state courts, and the claim can be dismissed on that basis alone. *See Smith v. Murray,* 477 U.S. 527, 533 (1986); *McLaughlin,* 270 F. Supp. 2d at 501. In the absence of cause, this Court is not required to address the issue of prejudice. *McLaughlin,* 270 F. Supp 2d at 513. Moreover, the miscarriage of justice exception does not apply because Drummond has not alleged any facts to establish her actual innocence. *See Hubbard v. Pinchak,* 378 F.3d 333, 339-40 (3d Cir. 2004) (holding that, in order to establish actual innocence sufficient to demonstrate a miscarriage of justice, a petitioner must assert "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial.").

**Claim 2: illegal search**

Drummond complains, as she did in state court, that the police had no probable cause to seize her or the items from her apartment. D.I. 1 at 4. As a result, Drummond contends that her arrest was illegal and the fruits of that illegal stop, i.e., a pair of white gloves, two bandanas, and her statement, should have been suppressed. *See* B4. Review of Drummond's search and seizure claim, however, is precluded by *Stone v. Powell,* 428 U.S. 465 (1976). "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground the evidence in an unconstitutional

search or seizure was introduced at trial." *Stone*, 428 U.S. at 494; *see also Deputy v. Taylor*, 19 F.3d 1485, 1491 (3d Cir. 1994); *accord Reed v. Farley*, 512 U.S. 339, 347 (1994); *Withrow v. Williams*, 507 U.S. 680, 686 (1993). Here, the state courts provided Drummond an adequate forum in which to present her Fourth Amendment claims. *See* DEL. SUPER. CT. CRIM. R. 41 (providing that a defendant may file a pretrial motion to suppress evidence). Drummond's counsel filed a pretrial suppression motion. *See* Crim. Dkt. at Item 21. Following a May 2004 evidentiary hearing and briefing by the parties, the trial court denied Drummond's motion to suppress. *See* Crim. Dkt. at Items 28, 34, 37, 39 & 43; A32-49. On direct appeal to the state supreme court, Drummond raised the same claim, which the court rejected. *See Drummond*, 2005 WL 2475715 at *1. There is nothing in the record to suggest that Drummond's opportunity to litigate any Fourth Amendment claim in the state courts was limited. *See Wilson v. Carroll*, 2006 WL 2294881, *4-5 (D. Del. Aug. 8, 2006). Accordingly, under *Stone v. Powell*, Drummond's claim manifestly fails to provide a basis for federal habeas relief. *See Marshall v. Hendricks*, 307 F.3d 36, 81-82 (3d Cir. 2002); *Wilson*, 2006 WL 2294881 at *5.

**Claim 3: insufficient evidence**

Drummond asserts that the evidence presented at trial was legally insufficient to support her convictions for robbery and wearing a disguise. D.I. 1 at 5; D.I. 8 at 2. Drummond presented this claim to the state supreme court on direct appeal, thus exhausting the claim. *See Smith v. Digmon*, 434 U.S. 332, 333-34 (1978); *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984). Nevertheless, Drummond's claim does not provide a basis for relief.

Under 28 U.S.C. § 2254(d), as amended in 1996, Drummond is not entitled to relief unless she can establish that the decision of the state court was contrary to, or involved an objectively unreasonable application of, clearly established federal law, as determined by the

Supreme Court of the United States. *See, e.g., Gattis v. Snyder*, 278 F.3d 222, 228 (3d Cir. 2002). "A state court decision is contrary to Supreme Court precedent under § 2254(d)(1) where the state court reached a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts." *Jacobs v. Horn*, 395 F.3d 92, 100 (3d Cir. 2005) (citations and internal quotations omitted). A state court decision is an unreasonable application if the court identifies the correct governing legal rule based on Supreme Court precedent but unreasonably applies it to the facts of the particular case. *Id.* (citations omitted). Moreover, factual determinations by state trial and appellate courts are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding. *See* 28 U.S.C. §§ 2254(d)(2), (e)(1). *See also Affinito v. Hendricks*, 366 F.3d 252, 256-57 (3d Cir. 2004); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000).

When a petitioner challenges her incarceration on the ground that insufficient evidence was presented to convict her, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond any reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *accord Orban v. Vaughn*, 123 F.3d 727, 731-33 (3d Cir. 1997). The issue is not whether the Court believes the evidence at trial established guilt beyond a reasonable doubt, but whether a rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *See Moore v. Deputy Comm'rs of the State Correctional Inst.*, 946 F.2d 236, 243 (3d Cir. 1991). Thus, the jury weighs the evidence, and the Court must defer to the jury's resolution of conflicts

in evidence. *See Jackson*, 443 U.S. at 326 (holding any argument relating to the credibility of the government's witnesses is irrelevant to a determination of the sufficiency of the evidence); *Moore*, 946 F.2d at 243. In this case, the Delaware state courts correctly identified the standard applicable to Drummond's sufficiency of the evidence claim. *See Drummond*, 2005 WL 2475715 at *2; A220. Although the state supreme court did not specifically cite to United States Supreme Court precedent, the court correctly recited the standard announced in *Jackson v. Virginia*. *See Drummond*, 2005 WL 2475715 at *2 (reviewing *de novo* "to determine whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could find [the defendant] guilty beyond a reasonable doubt of all the elements of the crime.") (citation and internal quotations omitted). Thus the state supreme court's decision that the evidence was sufficient to convict Drummond was not contrary to clearly established federal law. *See Jacobs*, 395 F.3d at 100.

Moreover, the state courts reasonably applied the rule to the specific facts of Drummond's case. *See* 28 U.S.C. § 2254(d)(1). In reviewing the evidence presented at trial, the trial judge stated:

> I think, in viewing the evidence in the light most favorable to the State, which is what I have to do at this point, that there is sufficient evidence for the jury to find the defendant guilty of these two offenses. Her own son said she did it. She said she did it during the interview with Detective Conaway.
> Her sister, Miss Hicks, is reported to have said, "That's Phyllis. Phyllis is my sister," when reviewing the surveillance tape. The car is at least consistent with the kind of car the witnesses saw. The coat is consistent with the coat the witnesses saw, and the hat is consistent with what the witnesses saw.
> The gun is consistent with what Miss Hayes saw. The gun and the coat and hat were found where the defendant lives, and the coat was identified by her boyfriend as her coat. So that is all enough for the State to clear the hurdle.

A220-21. The state supreme court, considering the sufficiency claim *de novo*, also found sufficient evidence for a trier of fact to find Drummond guilty beyond a reasonable doubt of all

the elements of the two crimes for which she was charged. *Drummond*, 2005 WL 2475715 at *2. Drummond's primary complaint appears to be that there was inconsistent testimony provided by various witnesses, especially testimony describing the robber and the robber's car. D.I. 1 at 5. Inconsistencies in testimony, however, are to be resolved by the jury and do not by themselves render the prosecution's evidence legally insufficient. *See Government of Virgin Islands v. Isaac*, 50 F.3d 1175, 1179 (3d Cir. 1995) ("The fact that the testimony is contradictory does not mean the evidence is insufficient, only that the jury must make credibility determinations.") (citing *United States v. Janotti*, 673 F.2d 578, 598 (3d Cir. 1982) (en banc)). Thus, the state courts reasonably applied the *Jackson* standard to the facts of Drummond's case, and her claim of insufficient evidence does not provide relief.

**Claims 4 & 5: ineffective assistance of counsel**

Drummond complains that her counsel was ineffective both at trial and on appeal. D.I. 1 at 8-9. Specifically, Drummond states that at trial her counsel: (1) failed to object to perjury by Detective Conaway; (2) failed to move to suppress Drummond's prior criminal history; (3) failed to sufficiently argue that the results of Drummond's polygraph test should have been admitted at trial; (4) failed to present a coherent argument based on police fabrication; and (5) failed to prevent Drummond's driver's license and work identification from being admitted into evidence. Further, Drummond alleges that on appeal her counsel was ineffective because she failed to raise the following issues: (1) the jury instructions on the presumption of innocence, burden of proof and reasonable doubt were in some way defective; (2) legally insufficient evidence; and (3) invalidity of consent to search form signed by Perry Giddens (Drummond's boyfriend who shared her residence). Although Drummond's ineffectiveness claims concerning police fabrication, polygraph results, suppression of her criminal record and jury instructions were

presented to the state court in Drummond's postconviction motions, Drummond never appealed the Superior Court decisions to the state supreme court. *See Drummond*, 2006 WL 3094182; *Drummond*, 2007 WL 475287; *see also* Crim. Dkt. at Items 82-92. In order to demonstrate that a claim has been exhausted in state court, a petitioner "must show that he presented each claim to the Delaware Supreme Court." *Bailey*, 855 F. Supp. at 1399. Because Drummond presented none of her ineffective assistance of counsel claims to the state supreme court, these claims are unexhausted. *See Scheidemantel*, 805 F.2d at 139; *McLaughlin*, 270 F. Supp. 2d at 511 (citing *Lambert*, 134 F.3d at 513). However, there is no available state remedy. Drummond cannot now appeal from the denial of any of her three state postconviction motions, because the time for appeal has passed. *See* DEL. CODE ANN. TIT. 10, § 147; DEL. SUPR. CT. R. 6(a)(iii). Any appeal would thus be dismissed as being untimely. *E.g., Eller v. State*, 531 A.2d 951 (Del. 1987). If Drummond now tried to present her ineffectiveness claims in another postconviction motion, the claims would be barred under either Superior Court Criminal Rule 61(i)(2) for failure to have raised the specific claim in her first postconviction motion, or Rule 61(i)(4) as previously adjudicated. *See, e.g., McLaughlin*, 270 F. Supp. 2d at 512-13; *Kennedy v. Kearney*, 1996 WL 534877 (D. Del. Sept. 11, 1996). As a result, Drummond is excused from satisfying the exhaustion requirement. *E.g., Lines*, 208 F.3d at 160.

Although deemed exhausted, the claims are nonetheless procedurally barred. *Lines*, 208 F.3d at 160. Because Drummond procedurally defaulted her ineffectiveness claims in the state courts, federal habeas review is barred unless she shows cause for her procedural default in the state courts and actual prejudice, or she establishes that a fundamental miscarriage of justice will result if the court does not review her claims. *See Coleman*, 501 U.S. at 750-51; *McCandless*, 172 F.3d at 260; *Caswell*, 953 F.2d at 861-62; *McLaughlin*, 270 F. Supp. 2d at 513. Drummond

has failed to allege cause for her failure to appeal to the Delaware Supreme Court from any of the denials her three state postconviction motions, and the claims can be dismissed on that basis alone. *See Murray*, 477 U.S. at 533; *McLaughlin*, 270 F. Supp. 2d at 501. *See, e.g., Shabazz v. Carroll*, 2002 WL 1941112 (D. Del. Aug. 21, 2002) (finding no cause for petitioner's procedural default in his postconviction appeal)

Conclusion

Based upon the Superior Court docket sheet, it appears that transcripts of an office conference (Mar. 31, 2004), Drummond's suppression hearing (May 11, 2004), the court's decision on Drummond's motion to suppress (Sept. 16, 2004), trial (Sept. 27- Oct. 4, 2004), and sentencing (Nov. 12, 2004) have been prepared.   In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available.   However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Del. Bar. ID No. 3759
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
elizabeth.mcfarlan@state.de.us

Date:  July 6, 2007

Westlaw.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2006 WL 2294881 (D.Del.)

**(Cite as: 2006 WL 2294881 (D.Del.))**

Page 1

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
James A. WILSON, Petitioner,
v.
Thomas L. CARROLL, Warden, [FN1] Respondent.

> FN1. Wilson was transferred to the Delaware Correctional Center during the pendency of his habeas petition. The name of the appropriate warden has been inserted in the caption. *See* Rule 2(a), 28 U.S.C. foll. § 2254.

**No. Civ.A. 04-1363 GMS.**

Aug. 8, 2006.

James A. Wilson, petitioner, pro se.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, for respondent.

MEMORANDUM OPINION

SLEET, J.

I. INTRODUCTION

**\*1** Petitioner James A. Wilson ("Wilson") is an inmate at the Delaware Correctional Center in Smyrna, Delaware. Wilson filed the pending petition for a writ of habeas corpus ("petition") pursuant to 28 U.S.C. § 2254. (D.I.1.) For the reasons that follow, the court will dismiss his petition.

II. FACTUAL AND PROCEDURAL BACKGROUND

On December 9, 2000, Federal agents and

Delaware police received information from a woman named Okeman Davis that Wilson could be found at her residence in Newark, Delaware. At that time, Wilson was a fugitive wanted on multiple drug charges. Ms. Davis told the police that she picked up Wilson at a hotel in Wilmington earlier that day and drove him to her townhome. After informing police about Wilson's whereabouts, Ms. Davis executed a form authorizing the police to enter and search her residence. The police searched Ms. Davis' residence and discovered drugs, drug paraphernalia, and a large quantity of currency on the living coffee table. The police also encountered Wilson in the apartment and arrested him. *See Wilson v. State,* 841 A.2d 309 (Table), 2004 WL 220320, at \*1 (Feb. 2, 2004).

In January 2000, a New Castle grand jury indicted Wilson on one count of trafficking in cocaine (5 to 50 grams) in violation of Del.Code Ann. tit. 16, § 4753A(a)(2)(a), one count of possession with intent to distribute cocaine in violation of Del.Code Ann. tit. 16, § 4751(a), one count of maintaining a vehicle for keeping controlled substances in violation of Del.Code Ann. tit. 16, § 4755(a)(5), one count of possession of marijuana in violation of Del.Code. Ann. tit. 16, § 4754(a), and one count of possession of drug paraphernalia in violation of Del.Code Ann. tit. 16, § 4771. Wilson was initially represented by an attorney from the Public Defender's Office but, when his trial started on November 2, 2000, he elected to represent himself with the public defender acting as stand-by counsel. On November 3, 2000, the Superior Court declared a mistrial due to an automatic discovery violation stemming from the State's failure to show Wilson Ms. Davis' signed consent form until the second day of his trial. [FN2]

> FN2. The record reveals that the State showed the form to Wilson's attorney on the first day of trial while the attorney still represented Wilson. According to the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                    Page 2

Not Reported in F.Supp.2d, 2006 WL 2294881 (D.Del.)

**(Cite as: 2006 WL 2294881 (D.Del.))**

attorney, he then apprised Wilson that the State had the consent form. Wilson, however, denied that communication.

On January 16, 2001, prior to the start of his second trial, and now represented by another attorney, Wilson filed a motion to suppress the drugs and paraphernalia seized by the police, as well as a motion to dismiss on double jeopardy grounds. The Superior Court conducted an evidentiary hearing, and denied the suppression motion after determining that Wilson lacked standing to challenge the search and that Ms. Davis, the tenant or owner of the townhome, had signed a valid consent form. The Superior Court also denied the motion to dismiss. Wilson's second trial began, and again, he elected to represent himself. A Superior Court jury convicted Wilson of all charges in the indictment on May 10, 2001. The Superior Court sentenced Wilson to a 10 years at Level V incarceration on the trafficking charge, three years of which were mandatory, and the remaining charges all carried various probationary sentences. On direct appeal, Wilson's appointed counsel argued that the Superior Court erred in denying his suppression motion on the basis that Wilson lacked standing to challenge the search. The Delaware Supreme Court affirmed the Superior Court's judgment after determining that the Superior Court's order denying Wilson's suppression motion was factually and legally correct. *Wilson v. State,* 2002 WL 31106354 (Del.2002).

*2 In October 2002, Wilson filed a *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61, arguing that: (1) counsel performed ineffectively at the suppression hearing; (2) the trial court violated Del.Code Ann. tit. 10, § 4332 by granting Wilson's motion to proceed *pro se* only two days before the start of Wilson's second trial; and (3) Wilson should never have been re-tried because his first trial ended in a mistrial as the result of an apparent discovery violation. *See Wilson v. State,* 841 A.2d 309 (Table), 2004 WL 220320, at *2 (Del. Feb. 2, 2004). The Superior Court denied the motion. Wilson appealed that judgment, arguing that: (1) the police search and seizure of evidence violated his

Fourth Amendment rights; (2) trial counsel performed ineffectively at the suppression hearing and also at trial; and (3) Wilson's second trial violated his right against double jeopardy. *See Wilson v. State,* 841 A.2d 309 (Table), 2004 WL 220320, at *2 (Del. Feb. 2, 2004). The Delaware Supreme Court affirmed the Superior Court's judgment. *Id.*

Wilson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the State filed an answer. (D.I. 1; D.I. 13.) In December 2005, Wilson filed a motion for summary judgment and a brief in support of the motion. (D.I. 15; D.I. 16.)

Wilson's petition is ready for review.

III. GOVERNING LEGAL PRINCIPLES

A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* 538 U.S. 202, 206 (2003)(internal citations and quotation marks omitted). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693 (2002); *see Woodford,* 538 U.S. at 206.

B. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842-44 (1999); *Picard v. Connor,*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2006 WL 2294881 (D.Del.)

(Cite as: 2006 WL 2294881 (D.Del.))

Page 3

404 U.S. 270, 275 (1971). AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> *3 (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir.2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell*, 134 F .3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder*, 2000 WL 1897290, at *2 (D.Del. Dec. 22, 2000). " 'Fair presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." ' *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir.2004)(citing *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir.1999)).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir.2000); *Wenger v. Frank*, 266 F.3d 218, 223 (3d Cir.2001); *see Teague v. Lane*, 489 U.S. 288, 297-98 (1989). Nevertheless, such unexhausted claims are procedurally defaulted. *Lines*, 208 F.3d at 160. Similarly, if a state court refused to consider a petitioner's claims for failing to comply with an independent and adequate state procedural rule, the claims are deemed exhausted but procedurally

defaulted. *Harris v. Reed*, 489 U.S. 255, 263 (1989); *Werts*, 228 F.3d at 192.

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir.1999); *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir.1992). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner can demonstrate actual prejudice by showing "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir.2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency, *Bousley v. United States*, 523 U.S. 614, 623 (1998), and is established if no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Sweger v. Chesney*, 294 F.3d 506, 522-24 (3d Cir.2002).

C. Standard of Review Under AEDPA

*4 If a federal court determines that a claim is not procedurally defaulted and the state court adjudicated the federal claim on the merits, the court can only grant habeas relief if the state court's adjudication of the claim:

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2006 WL 2294881 (D.Del.)

**(Cite as: 2006 WL 2294881 (D.Del.))**

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor,* 529 U.S. 362, 412 (2000); *Appel v. Horn,* 250 F.3d 203, 210 (3d Cir.2001). A claim is considered to have been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d)(1) if the state court "decision finally resolv[es] the parties claims, with *res judicata* effect, [and] is based on the substance of the claim advanced, rather than on a procedural, or other ground." *Rompilla v. Horn,* 355 F.3d 233, 247 (3d Cir.2004)(internal citations omitted), *reversed on other grounds by Rompilla v. Beard,* 545 U.S. 1086 (2005).

When reviewing a § 2254 petition, a federal court must presume the state court's determinations of factual issues are correct, unless the petitioner presents clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell,* 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn,* 209 F.3d 280, 286 (3d Cir.2000).

IV. DISCUSSION

Wilson asserts the following five grounds for relief in his petition: [FN3] (1) the evidence seized by the police should have been suppressed; (2) his arrest was illegal because it was based on the illegal seizure of evidence; (3) counsel provided ineffective assistance by failing to: a) subpoena a medical examiner as a witness; b) raise the issue of double jeopardy on appeal; and c) call Wilson as a witness in the suppression hearing; (4) his re-trial violated the double jeopardy clause; and (5) his conviction was obtained in violation of *Brady v.*

*Maryland,* 373 U.S. 83 (1963). (D.I.1.)

FN3. The court has re-numbered Wilson's claims, but has not altered the substance of the claims.

A. Fourth Amendment violations

Claims one and two allege violations of the Fourth Amendment. Pursuant to *Stone v. Powell,* 428 U.S. 465, 494 (1976), federal courts cannot provide habeas review of Fourth Amendment claims if the petitioner had a full and fair opportunity to litigate the claims in the state courts. *See also Wright v. West,* 505 U.S. 277, 293 (1992)("We have also held ... that claims under *Mapp* [alleging evidence obtained in violation of the Fourth Amendment] are not cognizable on habeas as long as the courts have provided a full and fair opportunity to litigate them at trial or on direct review."). A petitioner has had a full and fair opportunity to litigate Fourth Amendment claims if the state has an available mechanism for suppressing evidence seized in or tainted by an illegal search or seizure. *See U.S. ex rel. Hickey v. Jeffes,* 571 F.2d 762, 766 (3d Cir.1978); *Petillo v. New Jersey,* 562 F.2d 903, 906-07 (3d Cir.1977). The only way a petitioner can avoid the *Stone* bar on habeas review is to demonstrate that the state system contains a structural defect that prevented the state from fully and fairly hearing his Fourth Amendment claims. *Marshall v. Hendricks,* 307 F.3d 36, 82 (3d Cir.2002).

*5 In the instant situation, Wilson filed a pre-trial suppression motion pursuant to Delaware Superior Court Criminal Rule 41, arguing that the search was unreasonable because there was no constitutional basis for extending the search beyond Wilson's person. (D.I. 16, App. to Appellant's Op. Br. in *Wilson v. State,* No.446,2001, at A-39 to A-42.) The Superior Court conducted an evidentiary hearing and denied the suppression motion after determining that Wilson did not have standing to contest the search and that the police conducted the search pursuant to a valid consent form signed by Ms. Davis. On direct appeal, Wilson argued that: (1) he did have standing to contest the search; (2)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 5

Not Reported in F.Supp.2d, 2006 WL 2294881 (D.Del.)

**(Cite as: 2006 WL 2294881 (D.Del.))**

there was no reasonable belief that Ms. Davis had common control of the apartment substantiating her right to consent to the search of another; (3) the search exceeded the scope of any consent and also exceeded the scope of a search incident to a lawful arrest; and (4) the search of the residence could not be supported by the protective sweep doctrine. (D.I. 16, Appellant's Op. Br. in *Wilson v. State,* No.446,2001). The Delaware Supreme Court affirmed the Superior Court's judgment after concluding that Wilson did not have standing to contest the police search.

This record clearly demonstrates that Wilson was afforded a full and fair opportunity to litigate his Fourth Amendment claims in the Delaware state courts. Furthermore, Wilson has not alleged that a structural defect exists in the Delaware criminal system that prevented a full and fair opportunity to litigate his Fourth Amendment claims. Accordingly, the court denies Wilson's two Fourth Amendment claims as barred by *Stone.*

B. Ineffective assistance of counsel

In claim three, Wilson contends that the attorneys who represented him provided ineffective assistance at the suppression hearing, at his second trial, and on direct appeal. The record reveals that Wilson exhausted state remedies for these ineffective assistance of counsel allegations by presenting them to the Delaware Supreme Court in his post-conviction appeal, and the Delaware Supreme Court denied these claims as meritless. Therefore, the court can only grant habeas relief if the Delaware Supreme Court's decision was contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court.

The clearly established federal law governing ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington,* 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith,* 539 U.S. 510 (2003). Under the first prong, the petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness

being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland,* 466 U.S. at 688. The second prong requires the petitioner to demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." *Id.* at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* at 688.

*6 Finally, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock,* 941 F.2d 253, 259-260; *Dooley,* 816 F.2d at 891-92. Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland,* 466 U.S. at 689.

In Wilson's case, the Delaware Supreme Court identified *Strickland* as the appropriate standard and concluded that Wilson failed to satisfy the two-part test in *Strickland. Wilson,* 2004 WL 220320, at *3. Consequently, the state supreme court's denial of Wilson's ineffective assistance of counsel claims was not "contrary to" clearly established Federal law. *Williams,* 529 U.S. at 406 (holding that when a "run-of-the-mill state-court decision applie [s] the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case," the decision is not "contrary to" that precedent).

The court must also determine whether the state court's rejection of Wilson's ineffective assistance claims involved an "unreasonable application of" *Strickland. See* 28 U.S.C. § 2254(d)(1). "The unreasonable application test is an objective one--a federal court may not grant habeas relief merely because it concludes that the state court applied federal law erroneously or incorrectly." *Jacobs v. Horn,* 395 F.3d 92, 100 (3d Cir.2005)(citing *Wiggins v. Smith,* 539 U.S. 510, 520-21 (2003)). Rather, a federal habeas court must objectively evaluate the state court decision on the merits and determine whether the state court reasonably applied the correct rule to the specific facts of the petitioner's case. *See Williams,* 529 U.S. at 409, 412- 13; *Matteo,* 171 F.3d at 891.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                    Page 6

Not Reported in F.Supp.2d, 2006 WL 2294881 (D.Del.)

**(Cite as: 2006 WL 2294881 (D.Del.))**

Wilson first contends that counsel's failure to subpoena the Medical Examiner ("M.E.") to testify at his second trial constituted ineffective assistance because it deprived him of the opportunity to confront a witness. (D.I. 16, at 20.) Given Wilson's failure to provide further explanation, the court turns to documents filed in his Rule 61 motion in an attempt to flesh out the instant claim, and concludes that Wilson's true problem is with the inability to question the M.E. about a discrepancy regarding the weight of cocaine seized by the police. (D.I. 14, State's Op. Br. In Wilson v. State, No.379,2003, at 9.) After the police seized the cocaine, they preliminarily reported that the drugs weighed approximately 16 grams. However, the M.E.'s report indicates that the drugs actually weighed 13.83 grams. According to Wilson, this discrepancy indicated a need to question the M.E. about the methods employed for weighing and testing the drugs as well as the chain of custody.

The Delaware Supreme Court denied this claim because Wilson failed to establish the requisite prejudice under *Strickland.* The state court noted that Wilson did not "set forth with particularity what advantages he would have gained through the Medical Examiner's in court testimony." Wilson's instant claim suffers from the same defect, which provides the court with a sufficient reason to deny the claim. The Delaware Supreme Court also opined that Wilson was charged with trafficking cocaine weighing 5 to 50 grams, and therefore, it did not matter if the drugs weighed 16 grams or 13.83 grams because "either weight would have been sufficient to convict" Wilson of the offense. Based on the record, the court concludes that the Delaware Supreme Court's determination did not involve an unreasonable application of the *Strickland* framework.

*7 In his second allegation, Wilson contends that appellate counsel performed deficiently by failing to argue that the second trial violated his right against double jeopardy. During Wilson's Rule 61 proceeding, counsel explained that he did not raise the double jeopardy issue on direct appeal because he believed the issue was "totally frivolous." (D.I. 14, Appellant's Op. Br. in *Wilson v. State,*

No.370,2003, at 24.) Counsel's decision was based on the fact that, prior to Wilson's second trial, the Superior Court considered and rejected the same issue in a motion to dismiss because the alleged discovery violation that prompted the initial mistrial did not constitute the type of prosecutorial misconduct that would bar a re-trial for double jeopardy purposes. Given the Superior Court's prior dismissal of the same double jeopardy issue as meritless, counsel's decision was objectively reasonable and also did not prejudice Wilson. Thus, the court concludes that the Delaware Supreme Court's conclusion was a reasonable application of the *Strickland* standard to the facts of Wilson's case.

Wilson's final allegation of ineffective assistance criticizes counsel's performance during the suppression hearing. Specifically, Wilson contends that counsel should have called him to testify at the suppression hearing in order to establish Wilson's standing to challenge the police search of Ms. Davis' townhome. The Delaware Supreme Court rejected this claim after concluding that Wilson was not prejudiced by counsel's alleged failure. First, Wilson failed to "suggest with particularity what trial counsel should have done to establish Wilson's standing to contest the search." *Wilson,* 2004 WL 220320, at *3. Second, considering the fact that the trial court denied the motion to suppress after determining as a matter of state law that Ms. Davis validly consented to a police search of her home, the issue of Wilson's standing was irrelevant to the legality of the search. Because the Delaware Supreme Court properly analyzed the facts under the strictures of *Strickland,* the court concludes that the state court's holding regarding Wilson's failure to demonstrate prejudice was a reasonable application of that standard.

Accordingly, the court denies Wilson's three ineffective assistance of counsel claims because they do not warrant relief under § 2254(d)(1).

**C. Double Jeopardy**

In his fourth claim, Wilson contends that his conviction was obtained in violation of his right against double jeopardy. Wilson exhausted state

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                      Page 7

Not Reported in F.Supp.2d, 2006 WL 2294881 (D.Del.)

**(Cite as: 2006 WL 2294881 (D.Del.))**

remedies by presenting this claim to the Delaware Supreme Court on appeal from the denial of his Rule 61 motion. Nevertheless, the court is procedurally barred from reviewing this claim on the merits due to the fact that the state courts dismissed the claim after invoking an independent and adequate state procedural rule. Specifically, both the Superior Court and the Delaware Supreme Court concluded that the claim was formerly adjudicated in Wilson's motion to dismiss his second trial, and therefore, the claim was procedurally barred under Delaware Superior Court Rule 61(i)(4). *Wilson,* 2004 WL 220320, at *2. The Delaware Supreme Court also noted that Wilson did not raise the double jeopardy issue on direct appeal. [FN4] *Id.*

> FN4. Although the Delaware Supreme Court did not explain the significance of that failure, a defendant's failure to raise an issue on direct appeal would constitute a procedural default under Delaware Superior Court Criminal Rule 61(i)(3). *See, e.g., Gattis v. State,* 697 A.2d 1174, (Del.1997).

**\*8** The dismissal under Rule 61(i)(4) constituted a plain statement that the state court decisions rested on state law grounds, and this court has consistently held that Delaware Superior Court Criminal Rule 61 is an independent and adequate state ground precluding federal habeas review. *See Harris v. Reed,* 489 U.S. 255, 263-65 (1989); *see Ylst v. Nunnemaker,* 501 U.S. 797 (1991), *St. Louis v. Carroll,*--F. Supp.2d--, 2006 WL 1109461, at * 4 (D.Del. Apr. 26, 2006)(collecting cases). Consequently, the court cannot provide federal habeas review of this claim unless Wilson establishes cause for his procedural default and actual prejudice resulting therefrom, or that a miscarriage of justice will result if the court refuses to review this claim. *See* 28 U.S.C. § 2254(a); *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan,* 953 F.2d 853, 860-61 (3d Cir.1992).

Wilson does not address the procedural default under Rule 61(i)(4). Rather, he addresses the failure

to raise the issue on direct appeal, and explicitly blames counsel for that default. (D.I. 16, at 13.) An ineffective assistance of counsel claim can only establish cause for a procedural default if it is determined that counsel did, in fact, provide constitutionally ineffective assistance. *Murray v. Carrier,* 477 U.S. 478, 488-89 (1986); *Edwards v. Carpenter,* 529 U.S. 446, 451-51 (2000). As previously explained, the court has concluded that appellate counsel did not provide constitutionally ineffective assistance. Therefore, counsel's actions do not excuse Wilson's procedural default.

In the absence of cause, the court does not need to reach the question of prejudice. *See Smith v. Murray,* 477 U.S. 527, 533 (1986). Wilson also has not demonstrated that a fundamental miscarriage of justice will result from failure to review this claim.

Accordingly, the court is procedurally barred from reviewing Wilson's double jeopardy claim.

*D. Brady* violation

In his final claim, Wilson alleges that his conviction is invalid because the prosecution violated *Brady* by withholding Ms. Davis' consent form in the first trial. Wilson procedurally defaulted this claim in the state courts, however, because he did not raise a *Brady* claim on direct appeal or in his post-conviction proceeding, and any attempt to raise this issue in a new Rule 61 motion and then appeal that decision would be barred by Delaware Superior Court Rule 61(i)(2). [FN5] *See Lawrie v. Snyder,* 9 F.Supp.2d 428, 453-54 (D.Del.1998). Wilson does not allege, and the court cannot discern, any cause for his failure to raise this *Brady* claim on direct appeal or in his post-conviction proceedings. Moreover, the court cannot apply the miscarriage of justice doctrine to excuse Wilson's procedural default because he has not presented a colorable claim of actual innocence.

> FN5. Although Wilson did raise the issue of the consent form in his motion to suppress filed prior to his second trial, and in his Rule 61 proceedings, he only discussed the issue in terms of a discovery

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                          Page 8

Not Reported in F.Supp.2d, 2006 WL 2294881 (D.Del.)

(Cite as: 2006 WL 2294881 (D.Del.))

violation under state law, not in terms of a *Brady* violation. Consequently, he did not exhaust state remedies because he did not "fairly present" the instant claim to the state courts. *See Gibson v. Scheidmantel,* 805 F.2d 135, 138 (3d cir.1986); *Pauls v. Kearney,* 2000 WL 1346693, at *2 (D.Del. Sept. 12, 2000).

Accordingly, the court will deny this claim as procedurally barred.

E. Motion for summary judgment

**\*9** Wilson filed a motion for summary judgment during the pendency of this proceeding. (D.I.15.) After thoroughly reading the motion, the court concludes that it is actually a memorandum in support of Wilson's petition. The court notes that it considered the arguments contained in the motion to the extent the arguments supplement and explain the claims originally alleged in Wilson's form petition. However, to the extent Wilson's motion for summary judgment should be considered as a motion, the court will deny it as moot in light of the foregoing opinion.

V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Further, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural

ruling. *Slack,* 529 U.S. at 484.

The court concludes that Wilson's petition does not warrant federal habeas relief. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

VI. CONCLUSION

For the reasons stated, Wilson's petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

ORDER

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. James A. Wilson's petition for the writ of habeas corpus filed pursuant to 28 U.S.C § 2254 is DISMISSED, and the relief requested therein is DENIED. (D.I.1.)

2. Wilson's motion for summary judgment is DENIED as moot. (D.I.15.)

3. The court declines to issue a certificate of appealability.

Not Reported in F.Supp.2d, 2006 WL 2294881 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1996 WL 534877
**(Cite as: 1996 WL 534877 (D.Del.))**
**H**

Only the Westlaw citation is currently available.

United States District Court, D. Delaware.

John B. KENNEDY, Jr., Petitioner,

v.

Richard KEARNEY, Warden, Sussex Correctional
Institution and M. Jane Brady,
Attorney General of the State of Delaware,
Respondents.

Civ. A. No. 95-613-SLR.

Sept. 11, 1996.

John B. Kennedy, Jr., petitioner, *pro se.*

Timothy J. Donovan, Jr., Esquire, Deputy Attorney
General, Delaware Department of Justice,
Wilmington, Delaware, attorney for respondents.

MEMORANDUM OPINION

SUE L. ROBINSON, District Judge.

I. INTRODUCTION

*1 On January 9, 1992, petitioner was sentenced to
a twenty year term of imprisonment after pleading
guilty to one count of first degree unlawful sexual
intercourse. In his application for federal habeas
corpus relief, presently pending before this court, he
claims that his plea was not intelligently and
voluntarily made and that the assistance he received
from counsel was constitutionally deficient.
Respondents have filed their answer, claiming that
petitioner's claims are barred by his unexcused
procedural default in presenting his claims to the
state courts. For the reasons discussed below, the
court will deny the requested relief and dismiss the
petition.

II. BACKGROUND

In May 1991, a grand jury indicted petitioner on
nine separate felony counts related to the sexual
molestation of petitioner's daughter over a period of
three years. (D.I. 3 at Ex. C) Petitioner appeared
in Superior Court on January 9, 1992, for the
purpose of pleading guilty to one of the counts of the
indictment. In exchange for petitioner's guilty

plea, the State agreed to dismiss the other felony
counts as well as charges of lewdness, indecent
exposure, assault, and endangering the welfare of a
child which were pending against petitioner in
Family Court. (D.I. 3 at Ex. A3)

Before the plea colloquy began, petitioner's counsel
notified the court that, due to petitioner's illiteracy,
counsel had filled out the relevant forms for
petitioner and had explained them to him. (D.I. 3 at
Ex. A3-A4) In response to the court's questions,
petitioner indicated that he wished to enter a guilty
plea, that he understood the consequences of
waiving a jury trial, and that he was aware of the
range of penalties he could receive. (D.I. 3 at Ex.
A4-A7) Petitioner stated, regarding his attorney,
"He explained everything to me, went over
everything.... He read everything over with me and
my wife, went over everything real good, so I
understand what I was doing." (D.I. 3 at Ex.
A5-A6) Based on petitioner's responses, the court
stated its finding that petitioner's plea was
"knowingly, intelligently and voluntarily made."
(D.I. 3 at Ex. A10) The court sentenced petitioner
to a twenty-year term of incarceration, fifteen of
which were to be mandatory. (D.I. 3 at Ex. A13)

In November 1994, petitioner filed a Rule 61
postconviction motion, in which he claimed that his
representation by counsel had been deficient, that his
guilty plea was defective, and that the warrant for
his arrest had been based on false information.
(D.I. 3 at Ex. D) The Superior Court denied the
motion on the merits. (D.I. 3 at Ex. E) Petitioner
did not appeal.

Petitioner filed a second Rule 61 motion in Superior
Court on January 17, 1995. (D.I. 3 at Ex. D) In
that motion, petitioner restated the grounds he had
raised in his first motion for postconviction relief.
The court denied the motion on procedural grounds,
pursuant to Rule 61(i)(4), which provides:
Any ground for relief that was formerly
adjudicated, whether in the proceeding leading to
the judgment of conviction, in an appeal, in a
postconviction proceeding, or in a federal habeas
corpus proceeding, is thereafter barred, unless
reconsideration of the claim is warranted in the
interest of justice.

*2 Because each of petitioner's claims had been

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

adjudicated in his previous Rule 61 motion, the court denied the second motion. (D.I. 3 at Ex. E) Petitioner appealed, and the Delaware Supreme Court affirmed. *Kennedy v. State,* No. 39, 1995 (Del. July 25, 1995).

## III. DISCUSSION

### A. Exhaustion Requirement

Before the court can review petitioner's claims, the court must ascertain whether petitioner has exhausted all available state remedies. 28 U.S.C. § 2254(b). In making this determination, the court should inquire as to whether there is an "absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b). To exhaust state remedies, a petitioner must have raised in the state courts the factual and legal premises of the claims for relief he asserts in the federal proceeding. *Gibson v. Scheidemantel,* 805 F.2d 135, 138 (3d Cir.1986).

> "It is not enough that the petitioner presents to the state court the facts upon which a federal claim is based." The claim must be substantially equivalent to that litigated in the state court. Both the legal theory and the facts supporting a federal claim must have been submitted to the state court.

*O'Halloran v. Ryan,* 835 F.2d 506, 508 (3d Cir.1987) (citations omitted).

In the petition presently before the court, plaintiff has presented two grounds for relief: 1) ineffective assistance of counsel; and 2) a defective guilty plea. Petitioner has previously raised precisely the same claims before the state courts. His state remedies, therefore, are exhausted.

### B. Procedural Default

The Delaware Supreme Court did not have an opportunity to rule on the merits of petitioner's claims because he failed to appeal the Superior Court's denial of his first postconviction motion. Petitioner's second postconviction motion was denied on procedural grounds. When petitioner appealed the denial of the second motion, the Delaware Supreme Court was barred from reaching the merits by Rule 61(i)(4).

Allowing applicants for federal habeas corpus relief to proceed in federal court where, as here, their own default is responsible for the absence of available state remedies would undermine the principles of comity and federalism that underlie the exhaustion requirement. *Coleman v. Thompson,* 501 U.S. 722 (1991). The United States Supreme Court has held that a state court ruling resting on an independent and adequate state procedural ground will bar federal review absent a showing of cause for and prejudice from the default. *Wainwright v. Sykes,* 433 U.S. 72, 81-82 (1977). The state courts' application of Rule 61(i)'s procedural default provision is a "plain statement" under *Harris v. Reed,* 489 U.S. 255 (1989), that the state court decisions rest on independent state grounds. Rule 61(i)(4) and similar rules in other states have also been held adequate to bar federal review under *Wainwright. See Bond v. Fulcomer,* 864 F.2d 306 (3d Cir.1989); *Beatty v. Patton,* 700 F.2d 110, 112-13 (3d Cir.1983); *Woodlin v. Snyder,* C.A. No. 95- 138-JJF (D.Del. June 16, 1995).

*3 Because the state courts based their denial of petitioner's postconviction motion on an independent and adequate state procedural ground, this court may not consider the merits of petitioner's ineffective assistance of counsel claim unless he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims[ ] will result in the fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). The Supreme Court has held that " 'cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him...." *Id.* at 753, *citing Murray v. Carrier,* 477 U.S. 478, 488 (1986) (emphasis in original).

Petitioner seeks to explain his failure to appeal the denial of his first postconviction motion by stating that the trial court refused to supply him with a free transcript "to verify facts." (D.I. 2) As a result, petitioner contends, the Superior Court dismissed his motion in a summary fashion without benefit of the record of petitioner's plea. Petitioner does not explain why the lack of a transcript, while not deterring him from filing a Rule 61 motion in Superior Court, would prevent him from appealing the denial of that motion. As respondents point out, if petitioner believed that the decision to deny him

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

the transcript was erroneous, or that the lack of a transcript caused the wrongful dismissal of his postconviction motion, he had all the more reason to file an appeal. Petitioner's explanation, therefore, does not constitute cause. Because petitioner has failed to show cause for his default, it is not necessary for this court to address the issue of prejudice.

Petitioner also contends that the state courts should have excused his procedural default "in the interest of justice," and that their failure to do so constitutes a "substantial miscarriage of justice." (D.I. 10) Where a petitioner has defaulted his state remedies and has not demonstrated cause and prejudice, a federal court may entertain a petition for habeas corpus only if the petitioner makes a showing of "actual innocence." *Sawyer v. Whitley,* 112 S.Ct. 2514, 2519 (1992); *Murray,* 477 U.S. at 496. Petitioner has made no claim that he is actually innocent, and has articulated no facts that would support such a claim. His procedural default, therefore, is not excused.

IV. CONCLUSION

For the reasons set forth above, the court will dismiss the application for habeas corpus relief and deny the writ of habeas corpus. An appropriate order will be entered.

1996 WL 534877, 1996 WL 534877 (D.Del.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Westlaw.

Not Reported in F.Supp.2d

Page 1

Not Reported in F.Supp.2d, 2002 WL 1941112 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Shabazz v. Carroll
D.Del.,2002.
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Stanley E. SHABAZZ, Petitioner,
v.
Tom CARROLL, Warden, Respondent.
**No. CIV.A.01-816-JJF.**

Aug. 21, 2002.

Stanley E. Shabazz, Pro Se Petitioner.
Loren C. Meyers, Esquire of the State of Delaware
Department of Justice, Wilmington, Delaware.
Attorney for Respondent.

### MEMORANDUM OPINION

FARNAN, District J.
**\*1** Presently before the Court is a Petition Under 28
U.S.C. § 2254 for Writ of Habeas Corpus by a
Person in State Custody filed by Petitioner Stanley
E. Shabazz.[FN1] (D.I.2.) Also pending in this matter
are Petitioner's motion to amend the Petition,
(D.I.6), and motions for appointment of counsel,
(D.I. 5 and 17). For the reasons set forth below, the
Court will deny the Petition, grant the motion to
amend the Petition, and deny as moot the motions
for appointment of counsel.

FN1. Petitioner is also known as Stanley
Ellington Washington, Mustafa Shabazz,
and Khaatir A. Muhammad.

### I. BACKGROUND

On January 29, 1997, Petitioner pleaded guilty in
the Delaware Superior Court to two counts of
burglary in the second degree. At the time he
entered his plea, Petitioner was represented by
Edward Pankowski, an assistant public defender
who had previously represented Petitioner in an

unrelated criminal matter in 1991. Prior to
sentencing, Petitioner moved to withdraw his 1997
guilty plea on the grounds that: (1) he was under the
influence of heroin when he pleaded guilty; (2)
Pankowski coerced him to plead guilty; and (3)
Pankowski's representation was impaired by a
conflict of interest that arose in the 1991 trial.
Pankowski in turn moved to withdraw as counsel
for petitioner. The Superior Court granted
Pankowski's motion to withdraw as counsel, and
appointed Joseph Gabay to represent Petitioner.
After conducting a hearing, the Superior Court
denied Petitioner's motion to withdraw his guilty
plea. *State v. Washington,* No. IN-96-05-1687,
1998 WL 960715 (Del.Super.Ct. Oct. 14, 1998).
The Superior Court sentenced Petitioner on
November 13, 1998, to ten years in prison followed
by six years of decreasing levels of supervision. The
Delaware Supreme Court affirmed. *Shabazz v. State,*
No. 527, 1998, 1999 WL 1192969 (Del. Nov. 30,
1999).

On November 13, 2000, Petitioner filed in the
Superior Court a motion for postconviction relief
pursuant to Rule 61 of the Superior Court Rules of
Criminal Procedure. The Superior Court summarily
dismissed Petitioner's motion on February 26, 2001.
*State v. Shabazz,* No. 9605009979 (Del.Super.Ct.
Feb. 26, 2001). Petitioner appealed from the denial
of postconviction relief, but the Delaware Supreme
Court dismissed the appeal for failure to prosecute.
*Shabazz v. State,* No. 129, 2001, 2001 WL 1287034
(Del. Oct. 18, 2001).

Petitioner has now filed the current Petition for
federal habeas relief. Also pending in this matter are
Petitioner's motions to amend his petition and for
appointment of counsel.

### II. GOVERNING LEGAL PRINCIPLES

#### A. Exhaustion and Procedural Default

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                Page 2

Not Reported in F.Supp.2d, 2002 WL 1941112 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Pursuant to the federal habeas statute:
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

**\*2** 28 U.S.C. § 2254(b)(1). Grounded on principles of comity, the requirement of exhaustion of state court remedies ensures that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000), *cert. denied,* 532 U.S. 980 (2001).

To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). Although a state prisoner need not "invoke extraordinary remedies" to satisfy exhaustion, he must fairly present each of his claims to the state courts. *Id.* at 844-45. A claim has not been fairly presented unless it was presented "at all levels of state court adjudication." *Cristin v.. Brennan,* 281 F.3d 404, 410 (3d Cir.2002).

If a claim has not been fairly presented, and further state court review is procedurally barred, the exhaustion requirement is deemed satisfied because further state court review is unavailable. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir.2000), *cert. denied,* 531 U.S. 1082 (2001). Although deemed exhausted, such claims are nonetheless procedurally defaulted. *Lines,* 208 F.3d at 160. In addition, where a state court refuses to consider a petitioner's claims because he failed to comply with an independent and adequate state procedural rule, his claims are deemed exhausted but procedurally defaulted. *Harris v. Reed,* 489 U.S. 255, 263 (1989); *Werts,* 228 F.3d at 192. A federal court may not consider the merits of procedurally defaulted

claims unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Lines,* 208 F.3d at 160.

### B. Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") mandates the following standards of review:
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States ...

28 U.S.C. § 2254(d). A federal court may issue a writ of habeas corpus under this provision only if it finds that the state court decision on the merits of a claim either: (1) was contrary to clearly established federal law, or (2) involved an unreasonable application of clearly established federal law. *Williams v. Taylor,* 529 U.S. 362, 412 (2000).

### III. DISCUSSION

Petitioner articulates the following claims for relief:
FN2

> FN2. The Court derives Petitioner's claims from the Petition itself, as well as the amendment to the Petition and the memorandum of law in support thereof. (D.I. 2, 6, and 7.)

**\*3** (1) Pankowski's prior representation created an actual conflict of interest.
(2) Pankowski induced Petitioner to plead guilty by withholding information respecting prior representation.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                      Page 3

Not Reported in F.Supp.2d, 2002 WL 1941112 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

(3) Gabay rendered ineffective assistance of counsel at the hearing on Petitioner's motion to withdraw his guilty plea by failing to investigate the record.
(4) Gabay rendered ineffective assistance by failing to raise all meritorious issues on direct appeal.

Respondent acknowledges that Petitioner exhausted his conflict of interest claim by presenting it on direct appeal, and asks the Court to deny this claim on the merits. Respecting Petitioner's remaining claims of ineffective assistance, Respondent asserts that these claims are procedurally barred from federal habeas review because Petitioner failed to fairly present them to the Delaware Supreme Court on postconviction appeal.

### A. Conflict of Interest

Petitioner's first claim is that Pankowski's representation in the matter at issue was hindered by an actual conflict of interest arising from his prior representation of Petitioner in 1991. The basis for this claim began in 1990 when Petitioner was represented by an assistant public defender (not Pankowski) on charges of terrorist threatening. As part of his 1990 sentence, the Superior Court ordered Petitioner to reimburse the public defender's office for the costs of defending him. Apparently Petitioner failed to do so.

In 1991, Petitioner was again before the Superior Court on unrelated robbery charges, this time represented by Pankowski of the public defender's office. After Petitioner was convicted, Pankowski informed the Superior Court that Petitioner had not complied with the 1990 order to reimburse the public defender's office, and remarked on Petitioner's expensive clothing. The Superior Court entered judgment against Petitioner for the amount previously owed. On direct appeal from the 1991 conviction, Pankowski was permitted to withdraw. Petitioner now alleges that because of their " adversarial" relationship, Pankowski's representation in the matter at issue constitutes an actual conflict of interest in violation of the Sixth Amendment.

The Sixth Amendment's right to effective assistance

of counsel includes the right to counsel's undivided loyalty. *Wood v. Georgia,* 450 U.S. 261, 271 (1981). A criminal defendant alleging a violation of his right to counsel's undivided loyalty "must establish that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan,* 446 U.S. 335, 350 (1980). The possibility of a conflict of interest is insufficient to establish a constitutional violation. *Id.* An actual conflict of interest "may arise out of personal interests of counsel that were 'inconsistent, diverse or otherwise discordant' with those of his client." *Government of Virgin Islands v. Zepp,* 748 F.2d 125, 135 (3d Cir.1984).[FN3]

> FN3. Recently, the United States Supreme Court noted that *Sullivan* was a multiple representation case, and opined that it remains an open question whether *Sullivan* should be extended to other types of conflict of interest cases. *Mickens v. Taylor,* 122 S.Ct. 1237; 1246 (2002). The Third Circuit, however, has expressly extended *Sullivan* to other types of conflict of interest cases. *Zepp,* 748 F.2d at 135. For this reason, the Court assumes that *Sullivan* applies in the current case.

In the matter at hand, Petitioner has failed to establish that Pankowski's performance was adversely affected by any actual conflict of interest. To the extent that Petitioner may be attempting to allege a financial conflict of interest, the Court perceives no apparent conflict. Petitioner was ordered to reimburse the public defender's office, not Pankowski. As Respondent points out, Petitioner's failure to repay the public defender's office had no effect on Pankowski's salary. In short, the Court can find no actual conflict of interest based on Pankowski's prior representation of Petitioner.

**\*4** In addition, Petitioner has failed to describe how Pankowski's performance was adversely affected. His only complaint appears to be that Pankowski should have informed both Petitioner and the trial court of the prior representation. Apart from disclosing the fact of prior representation, Petitioner

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 4

Not Reported in F.Supp.2d, 2002 WL 1941112 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

offers no alternate course of action which Pankowski should have pursued. Although Petitioner suggests that Pankowski wrongly induced him to plead guilty, Petitioner offers no facts to support any such finding. The Court cannot conclude that Pankowski's failure to discuss their prior relationship wrongly induced Petitioner to plead guilty.

For these reasons, the Court concludes that Petitioner has failed to establish that an actual conflict of interest adversely affected Pankowski's representation. Accordingly, Petitioner's request for federal habeas relief as to this claim will be denied.

### B. Ineffective Assistance of Counsel

Petitioner next alleges that both Pankowski and Gabay rendered ineffective assistance of counsel. According to Respondents, Petitioner's claims of ineffective assistance are procedurally barred because he failed to fairly present them to the Delaware Supreme Court on postconviction appeal. A review of the record confirms that Petitioner presented his claims of ineffective assistance to the Superior Court in his motion for postconviction relief. The Delaware Supreme Court dismissed his postconviction appeal for failure to prosecute because he did not submit a brief. *Shabazz,* 2001 WL 1287034 at * *1.

In dismissing the appeal, the Delaware Supreme Court relied solely on its Rule 29(b), which permits the court to dismiss an appeal "for failure of a party diligently to prosecute the appeal." Del. R. Sup.Ct. 29(b). Rule 29(b) is an independent and adequate procedural rule for purposes of procedural default. *See Gibbs v. Redman,* Civ. A. No. 89-351-LON, Order at 4-5 (D.Del. Oct. 11, 1991). Accordingly, the Court finds that Petitioner's claims of ineffective assistance are procedurally defaulted under Rule 29(b). Thus, federal habeas review is unavailable absent a showing of either cause and prejudice or a miscarriage of justice. *See Coleman,* 501 U.S. at 750.

The Court has carefully reviewed each of Petitioner's submissions in an effort to discern why

he failed to file a brief on postconviction appeal. Petitioner has failed to provide this Court with any explanation for this procedural default. In his postconviction appeal, he argued to the Delaware Supreme Court that he had not filed his brief on time because Community Legal Aid did not respond to his request for legal assistance. (D.I. 16, No. 129, 2001, Letter from Petitioner dated Oct. 8, 2001.)

Even if this is true, the Court cannot excuse his procedural default on this basis. "There is no constitutional right to an attorney in state post-conviction proceedings." *Coleman,* 501 U.S. at 752. Thus, even if Community Legal Aid somehow prevented Petitioner from filing his brief on time, Petitioner "must bear the burden of a failure to follow state procedural rules" in postconviction proceedings. *Id.* at 754.

**\*5** Under these circumstances, the Court cannot find cause to excuse Petitioner's procedural default in his postconviction appeal. Petitioner makes no allegations that he is actually innocent for the purpose of demonstrating a fundamental miscarriage of justice. Because the Court cannot find a reason to excuse his procedural default, the Court concludes that Petitioner's claims of ineffective assistance of counsel are procedurally barred from federal habeas review.

### C. Motion to Amend Petition

Shortly after filing his Petition, and before Respondent filed an answer, Petitioner filed a motion to amend his Petition. (D.I.6.) Rule 15 of the Federal Rules of Civil Procedure provides that " [a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed.R.Civ.P. 15(a); *see Riley v. Taylor,* 62 F.3d 86, 89 (3d Cir.1995) (stating that Rule 15(a) applies to motions to amend habeas petitions). Petitioner filed his motion to amend before Respondent served his answer. For this reason, his motion to amend will be granted.[FN4]

> FN4. As noted above, the Court has considered Petitioner's amendments and

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                    Page 5

Not Reported in F.Supp.2d, 2002 WL 1941112 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

his memorandum in support of his Petition in rendering its decision.

### D. Motions for Appointment of Counsel

Additionally, Petitioner has filed two motions requesting that the Court appoint counsel to represent him in this matter. (D.I. 5 and 17.) It is well established that Petitioner has no constitutional right to counsel in this habeas proceeding. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); *United States v. Roberson,* 194 F.3d 408, 415 n. 5 (3d Cir.1999). A district court, however, may appoint counsel to represent an indigent habeas petitioner "if the interest of justice so requires." Rule 8(c) of the Rules Governing Section 2254 Cases.

For the reasons stated, the Court has determined that Petition's claims do not provide a basis for federal habeas review. Accordingly, his motions for appointment of counsel will be denied as moot.

### E. Certificate of Appealability

Finally, the Court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if Petitioner " has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, Petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Here, the Court has determined that federal habeas relief is unavailable as to each of Petitioner's claims. The Court is persuaded that reasonable jurists would not debate the correctness of its assessments. Because the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability.

### IV. CONCLUSION

For the reasons discussed above, the Court will deny the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Stanley E. Shabazz. The Court will grant Petitioner's motion to amend the Petition, and will deny as moot his motions for appointment of counsel. The Court will not issue a certificate of appealability.

**\*6** An appropriate Order will be entered.

### ORDER

At Wilmington, this 21 day of August 2002, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:
1. Petitioner Stanley E. Shabazz's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (D.I.2), as amended (D.I.6), is DENIED.
2. Petitioner's Motion to Amend Petition (D.I.6) is GRANTED.
3. Petitioner's Motions for Appointment of Counsel (D.I. 5 and 17) are DENIED AS MOOT.
4. The Court declines to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2).

D.Del.,2002.
Shabazz v. Carroll
Not Reported in F.Supp.2d, 2002 WL 1941112 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2007, I electronically filed an answer to a habeas petition with the Clerk of Court using CM/ECF. I also hereby certify that on July 6, 2007, I have mailed by United States Postal Service, the same documents to the following non-registered participant:

Phyllis Drummond
SBI No. 241930
Women's Correctional Institute
660 Baylor Blvd.
New Castle, DE 19720

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us